TOM TAPP, et al. v. H. M. LADD.

Eastern Section. August 4, 1928.

No petition for Certiorari was filed.

John A. Walker, of Harriman, for plaintiff in error.
Elmer L. Eblen, of Kingston, for defendant in error.

PORTRUM, J. The plaintiff below, H. M. Ladd, started this suit before a Justice of the Peace, against Mrs. Frankie Tapp, the mother,

and Tom Tapp, the son, to recover for money alleged to have been loaned the mother and son to satisfy a criminal prosecution instituted against Tom Tapp and the grandson of H. M. Ladd, charging the boys with larceny. The prosecutor in the criminal prosecution agreed if the defendants would pay him the value of the stuff stolen, which he fixed at $70, he would abandon the prosecution. Ladd produced $35, to pay one-half of the value, in behalf of his grandson, and Tom Tapp and his mother, being without money, Ladd agreed to pay his $35, provided they would repay him, and there is proof in the record establishing the fact that the promise was made by the mother and son.

Ladd insists that he advanced this money which he in person paid over to the prosecutor on behalf of Tom Tapp as an accommodation to Tom Tapp and his mother, but his grandson was charged with the theft and there is no proof that the prosecutor had agreed to abandon the prosecution against the grandson in the event the grandson paid less than the full value, or $70. This being true, the payment for Tapp rebounded to the interest of Ladd in the release of his grandson.

The justice gave judgment in favor of Ladd and against Tom Tapp for $35, but dismissed the mother, Frankie Tapp. The case was appealed to the circuit court, where judgment was given against both the mother and son in favor of Ladd for $35 and costs. An appeal has been prosecuted to this court. The assignment is that there is no evidence to support this verdict, because the facts show the transaction was one against public policy, and the court will decline its aid in the furtherance of such a scheme.

We think this assignment of error is well taken. To permit the plaintiff to recover on a transaction of this character is equivalent to licensing prosecutors to stand at the door of the court house and abandon criminal prosecutions for a consideration, and the consideration to be fixed by the prosecutor. This will encourage frivolous prosecutions and perjury. The prosecutor and the alleged criminal will be interested in showing that there has been no crime in fact committed, in order to avoid a prosecution under the statute providing against compounding felonies. We might give many more reasons why this was against public policy.

Ladd himself paid the money, not to Tom Tapp but to the prosecutor, and he was interested with the prosecutor in seeing that Tom Tapp paid the $35, for if Tom Tapp didn't pay the $35, then Ladd would pay the whole of the $70, in order to release his grandson. The mother was caught in a predicament that would force from her a promise, and if she has to be made to abide by it, others may be compelled to make like promises and abide by them, even to the extent of all that they may have.

We think the Circuit Judge was in error in giving a judgment, either against Tom Tapp or his mother, Frankie Tapp, and the judgment will be reversed and the case dismissed, at the cost of H. M. Ladd.

Snodgrass and Thompson, JJ., concur.